```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/2/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY PINSON,

                Petitioner,

-against-

FEDERAL BUREAU OF PRISONS,

                Respondent.

24-CV-1312 (MKV)

**ORDER TO ANSWER, 28 U.S.C. § 2241**

MARY KAY VYSKOCIL, United States District Judge:

    Six federal prisoners, and one non-prisoner, brought this *pro se* action, styled as a civil rights complaint against the United States Bureau of Prisons ("BOP"). They allege that after they communicated with a reporter from the New York media outlet, *The Marshall Project*, for an article on prison rape, the BOP retaliated against them by limiting their phone and mail access and subjecting them to prison transfers.[1] Plaintiffs seek (1) a declaration that their First Amendment rights were violated and (2) to enjoin the BOP from further retaliatory interference with their mail and phone access. By order dated April 16, 2024, Chief Judge Laura Taylor Swain severed the claims of the plaintiffs, directed that Jeremy Pinson remain as the sole plaintiff in this action,[2] and directed the Clerk of Court to open separate civil actions for each of the other plaintiffs.

    For the reasons set forth below, the Court dismisses Pinson's claims under the FOIA and Privacy Act without prejudice, and recharacterizes the complaint as a petition for a writ of *habeas*

---

[1] Plaintiffs also mention that their Freedom of Information Act ("FOIA") and Privacy Act requests, seeking unspecified information, were ignored (*See* ECF 1, at 4). They do not seek relief in connection with any potential FOIA or Privacy Act claims.

[2] Jeremy Pinson is currently incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania.

*corpus* under 28 U.S.C. § 2241.[3]  By separate order, the Court grants Pinson's request to proceed *in forma pauperis*, that is, without payment of fees.[4]

## DISCUSSION

A.  **Claims under the Freedom of Information Act and Privacy Act**

Pinson alleges that the BOP ignored requests made under "FOIA/PA," which the Court understands to be the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552(a).  (*See* ECF 1, at 4.)  Federal courts can enforce rights under the FOIA if a requester shows that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.' " *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)).  "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements."  *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

A FOIA request must reasonably describe the agency records of interest.  *See* 5 U.S.C. § 552(a)(3)(A)(i); *Jabar v. DOJ*, No. 22-226, 2023 WL 2169960, at *3 (2d Cir. Feb. 23, 2023) ("The statute requires that agencies search for and promptly make available records in response to requests that reasonably describe the records sought.").  "For requested materials to qualify as agency records, two requirements must be satisfied: (i) an agency must either create or obtain the requested materials, and (ii) the agency must be in control of the requested materials at the time

---

[3] The Court makes no finding and passes no judgment at this time with respect to whether venue properly lies in this District.

[4] The Court notes that Pinson is barred under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing federal civil actions *in forma pauperis*. *See, e.g.*, *Pinson v. Frisk*, No. 13-CV-5502, 2015 WL 738253, at *2 (N.D. Cal. Feb. 20, 2015) (noting that Pinson does not dispute that he has accumulated three-strikes and listing cases in which he was held to be barred under 1915(g)). Section 1915(g)'s bar does not apply to petitions for *habeas corpus* under Section 2241. *See Jones v. Smith*, 730 F.3d 142, 146 (2d Cir. 2013) (holding that *habeas* petitions are not considered civil actions for purposes of Section 1915(g)).

2

the FOIA request is made." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 479 (2d Cir. 1999) (internal quotation marks and citations omitted).

Here, Pinson has not described the records requested or alleged any facts suggesting that any such records meet the definition of "agency records" or that they were improperly withheld. Pinson's allegations are therefore at this stage insufficient to plead a violation of rights under the FOIA, and the Court dismisses the FOIA claims without prejudice to repleading them in a separate action.

The Privacy Act provides agencies with "detailed instructions for managing their records and provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements." *Doe v. Chao*, 540 U.S. 614, 618 (2004). Among other avenues for relief, the Privacy Act creates a cause of action for any "adverse effect" from a "failure [by an agency] to hew to the terms of Act." 5 U.S.C. § 552(g)(1)(D); *see also* § 552a(g)(1)(A)-(D) (describing other instances where an individual may bring a claim against a government agency under the Privacy Act).

Here, the complaint alleges no facts suggesting that Pinson's rights under the Privacy Act were violated or even facts explaining how Pinson's Privacy Act rights are implicated in the events described in the complaint. Pinson therefore fails to state a claim under the Privacy Act, and the Court dismisses the Privacy Act claims without prejudice to repleading in a separate action.

**B.      Recharacterization as a Section 2241 petition**

Pinson filed this complaint as a civil rights action under Section 1983. As noted above, if this case were to remain characterized as a civil rights action, Pinson's complaint would be dismissed under the "three strikes" rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). However, the doctrine of liberal construction of *pro se* pleadings obligates the Court to

3

construe the submission to raise the strongest claim it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) ("It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to.").

The Second Circuit has previously held a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is available, and may be the preferred avenue, for federal prisoners seeking to challenge the execution of their sentences, including their conditions of confinement. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("[T]o the extent Thompson was seeking injunctive relief from federally imposed conditions of confinement . . ., we understand neither why the district court believed that the claim should have been styled a civil rights complaint rather than a petition under § 2241 for a writ of *habeas corpus*, nor what sort of civil rights claim the court envisioned."); *Acevedo v. Capra*, 545 F. Supp. 3d 107, 117 (S.D.N.Y. 2021) ("Because Thompson was a federal prisoner, a remedy under § 1983 was categorically unavailable to him. As a result, longstanding Second Circuit precedent indicated that he could challenge those conditions pursuant to § 2241, which our Court of Appeals has interpreted as covering such claims.").[5]

Because Pinson challenges his conditions of confinement, including telephone and mail restrictions that were allegedly imposed in retaliation for the exercise of First Amendment rights, the Court deems this action a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 and directs the BOP to answer the petition.[6]

---

[5] Other circuits, however, do not allow challenges to conditions of confinement to be brought in a Section 2241 petition. *See Camacho Lopez v. Lowe*, 452 F. Supp. 3d 150, 159 (M.D. Pa. 2020) ("[A] split has developed as to whether habeas corpus provides a remedy for a conditions-of-confinement claim that does not implicate the fact, duration, or execution of the petitioner's confinement. Several circuits have held that these claims may be raised in a *habeas* petition.").

[6] The Court must generally provide notice and an opportunity to withdraw before recharacterizing an action as a

**CONCLUSION**

The Court dismisses Pinson's FOIA and Privacy Act claims, without prejudice.

The complaint is construed as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this order has been issued.

Within sixty days of the date of this order, the U.S. Attorney's Office shall file an answer or other pleading in response to the petition. Pinson may file reply papers, if any, within thirty days from the date Pinson is served with Respondent's answer.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

**Dated:** August 2, 2024
New York, New York

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**

---

*habeas* petition where the limitation on successive *habeas* petitions may be implicated. *Simon v. United States*, 359 F.3d 139, 143-44 (2d Cir. 2004). While the Second Circuit has not clearly defined "what constraints, if any, apply to the filing of a second or successive § 2241 petition," *id.* at 144, its decisions suggest that the restrictions do not apply when a Section 2241 petitioner is challenging the execution of their sentence or their conditions of confinement, *see James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) (holding that a state prisoner's challenge to the execution of his sentence, brought under 28 U.S.C. § 2241, did not implicate the limitation on successive petitions); *see also Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) (characterizing Section 2241 petitions in *dicta* as "free of [gatekeeping] limitations"). Because Pinson is challenging his conditions of confinement, the Court may recharacterize the submission as a Section 2241 petition without providing Pinson a notice and an opportunity to withdraw.