United States District Court
Southern District of New York

Jeremy Pinson,
   Plaintiff

v.

Federal Bureau of Prisons,
   Defendant

No. 1: 24-cv-1312-
(Vyskocil, J.)

## Motion For Order Restoring Access to Courts And/OR Appointment of Counsel

Comes now the Plaintiff pro se pursuant to 28 U.S.C. 1915(e)(1), 18 U.S.C. 3006A(a)(2)(B), Fed. R. Civ. P. 65(a) and seeks an Order restoring her right under Bounds v. Smith 430 U.S. 817, 828 (1977) to access this Court to respond to the dispositive Response filed by defendant BOP or in the alternative for appointment of counsel to assist her in doing so.

### A. Relevant Facts

Plaintiff was moved from the Secure Administrative Unit ("SAU") at USP Allenwood on 10-7-24 to the Special Housing Unit ("SHU") at USP Terre Haute on 10-9-24. The placement in SHU occurred as a result of a preliminary injunction issued at Doc. 233 in District of Arizona Case No. 22-CV-00298-RM on Sept. 30, 2024. (Ex. 1, Pinson Decl.). Plaintiff was designated to a Reintegration Unit ("RU") at USP Terre Haute, not the SHU and neither the USP

1

Terre Haute Warden, Captain, Unit Manager for RV, nor RV Case Manager will explain to Plaintiff why following the 22-CV-298 Preliminary Injunction requires she be housed in SHU. (id.) What is clear is that the officers assigned to SHU will not allow Plaintiff access to her legal files and papers in this or any other pending case, will not allow her use of the law library, and will not issue her paper, pens, envelopes or postage stamps. (id.). A request for such to her Unit Manager was also denied in violation of BOP Policy and Regulations which state in Program Statement 5265.11 (implementing 28 C.F.R. Part 540 et seq.) that such materials <u>shall</u> be provided to an inmate whose <u>available</u> trust account balance is less than the cost of a postage stamp which hers presently is. (id.). Plaintiff is compelled to sell her meal trays to other inmates, starving herself, to get sufficient writing materials to submit this motion. (id.). On 10-17-24 Plaintiff asked the Warden why she is denied the aforegoing, as well as a mattress, operable shower, and other basic necessities and he replied to her "it was worse before I got here" and "I dont have the money to do everything." (id.).

## B. Arguments

Ordinarily, Plaintiff would hereby submit all the

2

legal standards of appointment of counsel under both Sections 1915(e)(1) and 3006A(a)(2)(B) as well as Fed.R. Civ.P. 65(a) and then present discrete arguments for why each element of the standard is met. Here, however, the BOP has so denied Plaintiff her constitutionally mandated basic minimum requirements for access to the Courts established by Bounds v. Smith, 430 U.S. 817, 825-28 (1977) that she cannot even do that.

Plaintiff does not have defendants' recent Response seeking dismissal and thus without access to it which was terminated 10-7-24 that she cannot respond to it.

Plaintiff does not have access to her legal files and papers packed up at USP Allenwood on 10-3-24 and never seen since.

Plaintiff asked for and was denied paper, pens, envelopes and legal postage from both her Unit Manager and Warden in sufficient quantities to file her Reply to defendants' dispositive filing. Nor serve it upon the AUSA.

Plaintiff is being totally denied access to a law library by the same officers who will not provide her a whole mattress to sleep upon thus she has no access to case law, laws, regulations, etc. to support her arguments.

Wherefore, Plaintiff seeks an Order to Show Cause be issued requiring defendant to establish why this Court should not issue a Preliminary Injunction restoring

3

Plaintiff's Access to the Courts and why it should not appoint Counsel to assist her in light of her current conditions. Plaintiff seeks 7 days to Reply to any filing made by BOP to the Order to Show Cause. If BOP fails to establish that it has remedied each area wherein plaintiff is denied access to the Court, plaintiff seeks a hearing to present inmate testimony about the systemwide nature of BOP's denial of access to the Courts in its segregated housing units.

Respectfully Submitted 10-21-24:

_____
Jeremy Pinson

4

## Declaration of Jeremy Pinson

I declare under penalty of perjury that the following is true and correct:

1. I have read Sections A and B of the accompanying "Motion For Order Restoring Access to Courts And/or Appointment of Counsel" in Case No. 1:24-CV-1312 (S.D.N.Y.) which I personally wrote. I hereby affirm that each and every "Fact" alleged therein is true and correct under penalty of perjury. I have written in as much detail as possible the candid, truthful facts of my current conditions and treatment for Judge Vyskocil to review in her consideration of what relief to grant me.

Executed pursuant to 28 U.S.C. 1746 on 10-21-24 at Terre Haute, IN.

_____
Jeremy Pinson

Case 1:24-cv-01312-MKV   Document 14   Filed 10/29/24   Page 6 of 6