```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY PINSON,

                Petitioner,

-against-

FEDERAL BUREAU OF PRISONS,

                Respondent.

24-CV-1312 (MKV)

**ORDER *SUA SPONTE* GRANTING EXTENSION TO FILE REPLY AND ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**

MARY KAY VYSKOCIL, United States District Judge:

      On December 12, 2024, Petitioner, proceeding *pro se*, filed a letter requesting leave to file an untimely reply [ECF No. 16] to Respondent's opposition. [ECF No. 10]. This Court granted Petitioner's request and Ordered that such reply be filed on or before March 28, 2025. [ECF No. 18]. As of the date of this Order no reply has been filed. Given the fact that Petitioner is proceeding *pro se* the Court is *sua sponte* granting Petitioner an extension to file Petitioner's anticipated reply. Petitioner shall file the contemplated reply **on or before May 26, 2025. Petitioner is on notice that if no reply is filed by May 26, 2025, the Court will not consider any reply.**

      Additionally, Petitioner has filed a letter requesting the appointment of *pro bono* counsel. [ECF No. 14]. Unlike in criminal cases, in civil cases, such as this one, there is no requirement that courts provide indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Furthermore, a court has no authority to appoint counsel to represent the indigent litigant, instead the statute "merely empowers a court to *request* an attorney to represent a litigant proceeding *in forma pauperis*." *Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa*, 490 U.S. 296, 301–02 (1989) (emphasis in original). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly in order to preserve the "precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Petitioner's efforts to obtain a lawyer, and Petitioner's ability to gather the facts and present the case if unassisted by counsel. *See Cooper*, 877 F.2d at 172; *Hodge*, 802 F.2d at 60–62. Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Petitioner's motion to appoint *pro bono* counsel is denied without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**The parties are reminded that failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules may result in sanctions, including monetary penalties on counsel and/or the parties , dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to mail a copy of this Order, the Court's prior Order [ECF No. 18], and a copy of Defendant's opposition [ECF No. 10], to Petitioner and to terminate the motion pending at docket entry 14.

**SO ORDERED.**

Dated:   April 2, 2025
         New York, New York

                                                  **MARY KAY VYSKOCIL**
                                                  **United States District Judge**