USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY PINSON,

                Petitioner,

-against-

FEDERAL BUREAU OF PRISONS,

                Respondent.

24-CV-1312 (MKV)

**ORDER GRANTING EXTENSION TO FILE REPLY AND DENYING MOTION TO APPOINT COUNSEL AND RESTORE ACCESS TO THE COURTS**

MARY KAY VYSKOCIL, United States District Judge:

On December 12, 2024, Petitioner, proceeding *pro se*, filed a letter, [ECF No. 16], requesting leave to file an untimely reply to Respondent's opposition to Petitioner's Complaint that the Court construed as a petition for a writ of *habeas corpus*. [ECF No. 8]. The Court granted Petitioner's request and Ordered that such reply be filed on or before March 28, 2025. [ECF No. 18]. The Court denied a request from Petitioner for the Court to appoint *pro bono* counsel and *sua sponte* granted Petitioner an extension to file Petitioner's anticipated reply. [ECF No. 19]. Subsequently, Petitioner filed a motion which being construed liberally, reasserts Petitioner's request to appoint counsel, seeks to restore access to the courts, and seeks an extension to file Petitioner's Reply. [ECF No. 21, ("Motion")]. For the reasons discussed below, Petitioner's request for an extension is GRANTED and Petitioner's motion to appoint counsel and motion to restore access to the Court are DENIED.

## DISCUSSION

### I. Appointment of Pro Bono Counsel

As the Court previously explained in its prior Order, [ECF No. 19], "there is no constitutional right to representation by counsel in habeas corpus proceedings." *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (internal quotations and citation omitted); *see also McCray v.*

*Royce*, No. 20-CV-4127, 2020 WL 8669830, at *1 (S.D.N.Y. July 29, 2020) ("Unlike defendants in criminal proceedings, litigants in habeas corpus proceedings have no right to counsel.")

Construing Petitioner's motion liberally, Petitioner re-asserts the request for the Court to appoint counsel and urges the Court to consider the request as an "appointment of Counsel under 18 U.S.C. 3006A(a)(2)(B)" instead of a request to appoint *pro bono* counsel under 28 U.S.C. § 1915(e)(1).  *See* Motion at 3.

Petitioner is correct that Title 18 United States Code Section 3006A(a)(2)(B) provides, in pertinent part, that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2241 . . . of title 28," 18 U.S.C. § 3006A(a)(2)(B), and therefore governs Petitioner's requests to appoint counsel.  However, courts in this district have made clear that "a request for the appointment of counsel in a habeas corpus proceeding is analyzed in the same manner as any other application for the appointment of counsel in civil cases pursuant to 28 U.S.C. § 1915(e)(1)." *Anderson v. Bradt*, No. 13-CV-4502, 2013 WL 5208045, at *1 (E.D.N.Y. Sept. 13, 2013); *see also Fulton v. Superintendent*, No. 20-CV-00021, 2020 WL 3250594, at *1 (S.D.N.Y. June 16, 2020) (applying § 1915(e)(1) to request of appointment of counsel in habeas proceeding); *Brown v. New York*, No. 22-CV-06371, 2024 WL 422290, at *1 (S.D.N.Y. Jan. 23, 2024) ("In determining whether to appoint counsel for habeas petitioners, courts consider the standards set forth by the Second Circuit for appointment of counsel to indigent civil litigants pursuant to 28 U.S.C. § 1915.").

Therefore, for the same reasons the Court explained in detail in its prior Order [ECF No. 19], Petitioner's request is DENIED without prejudice to renewal at a later point.

## II. Access to the Courts

Petitioner alleges that on April 4, 2025 Petitioner was moved from a general population housing unit to a segregated housing unit. Motion at 1. Petitioner alleges that Petitioner spends 23 to 24 hours locked in an assigned cell, has not been provided access to legal files, and is permitted to use the law library for only 20 minutes per day. Motion at 1–2. Petitioner also alleges that the law library does not contain a printer or a photocopier. Motion at 2.

Prisoners have a constitutional right of access to the courts that requires states "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights." *Bounds v. Smith*, 430 U.S. 817, 822 (1977). The Supreme Court has explained, however, that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, to sustain a claim based on right of access to the courts, Petitioner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered [Petitioner's] efforts to pursue a legal claim." *Id.*

Here, Petitioner has not alleged sufficient facts to state a claim for denial of access to courts. Besides a one off statement that the law library does not have a printer or photocopier, which Petitioner does not tie to any actual injury, Petitioner makes no allegations that the law library is inadequate and that the inadequacies caused Petitioner injury. *See Lewis*, 518 U.S. at 351 ("an inmate cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense").

Additionally, the motion clearly states that Petitioner does have regular access to the law library, but argues that the 20 minutes allowed per day is insufficient. Besides conclusory allegations that the time allotted is insufficient for Petitioner to file a Reply, Petitioner does not

explain an actual injury caused by the time restrictions, for example Petitioner has not missed a deadline. Furthermore, the Court is very cognizant that it cannot micromanage what the appropriate amount of time that Petitioner is allowed to spend in the law library and that in itself is not sufficient to state a claim for lack of access to the courts. *See Oliver v. Head Sherriff of Dep't & Div. of Corr. of Nassau Cnty.*, 2008 WL 238577, at *2 (E.D.N.Y. Jan. 28, 2008) ("[T]he Constitution does not require unlimited and unrestricted access to a law library at the demand of a prisoner. Prison officials may impose reasonable restrictions on the use of a prison law library."); *Murray v. Orange Cnty.*, No. 18–CV–634, 2019 WL 3765770, at *6 (S.D.N.Y. Aug. 9, 2019) ("plaintiff merely alleges that his time in the law library was insufficient . . . [and] does not allege facts showing he suffered any actual injury"); *Olutosin v. Lee*, No. 14-CV-00685, 2018 WL 4954107, at *10 (S.D.N.Y. Oct. 12, 2018) (dismissing claim asserted by prisoner that he was denied access to the courts because decisions made by a correctional facility to restrict or delay access to the law library deserve great deference and the obstruction was only temporary); *see also Razzoli v. Exec. Office of U.S. Marshals*, No. 10-CV-4269, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010) (noting that "the Constitution does not require unlimited and unsupervised access to a law library at the demand of a prisoner," and that "[p]rison officials may impose reasonable restrictions on the use of a prison law library") (collecting cases); *Jermosen v. Coughlin*, No. 89-CV-1866, 1995 WL 144155, at *5 (S.D.N.Y. Mar. 30, 1995) ("[I]nterferences that merely delay an inmate's ability to work on a pending cause of action or to communicate with the courts do not violate this constitutional right.").

Because Petitioner has not sufficiently alleged any inadequacies in the law library that have caused actual injury, Petitioner has regular access to the law library, and as a general rule, jail

administrators have broad discretion to manage their facilities, *see, e.g. Proctor v. LeClaire*, 846 F.3d 597, 610 (2d Cir. 2017) ("Courts must preserve prison officials' 'free[dom] to take appropriate action to ensure the safety of inmates and corrections personnel.'"); *Turner v. Safley*, 482 U.S. 78, 89 (1987) (even "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests"), Petitioner's motion to restore access to the courts is DENIED without prejudice.

However, given Petitioner's *pro se* and incarcerated status and Petitioner's allegations that Petitioner has not had sufficient time to file the anticipated Reply the Court will grant Petitioner one final extension to file a reply to Respondent's opposition as set forth below.

## CONCLUSION

IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel and restore access to the courts is DENIED without prejudice for the reasons explained above and in the Court's prior Order [ECF No. 19].

IT IS FURTHER ORDERED that the request by Petitioner for an extension to file a Reply is GRANTED. The Reply is due **on or before August 1, 2025**. As per the Court's prior Order, Petitioner is on notice that no further extensions will be granted to file this Reply.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when appellant seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully requested to mail a copy of this Order to Petitioner and to terminate the motion pending at docket entry 21.

**SO ORDERED.**

Dated:   May 21, 2025
         New York, New York

_____
**MARY KAY VYSKOCIL**
**United States District Judge**